PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, Plaintiff and Appellant, *v.* ELÍ BELÉNDEZ, ELÍ ARROYO, and GODOFREDO GAETÁN BARBOSA, members composing the Personnel Board of the Commonwealth of Puerto Rico, ET AL., Defendants and Appellees.

No. R-68-315.    Decided February 10, 1970.

*José O. Sabater, Ernesto C. Blanco, Haydee Martínez González,* and *Ramón Cancio* for appellant. *Angel Viera Martínez* for Héctor L. Medina and Luis Colón Torres. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for the Personnel Board of the Commonwealth.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Héctor L. Medina Vázquez and Luis Colón Torres, officers of the Aqueduct and Sewer Authority, filed two complaints before the Personnel Board, alleging that said Authority did not grant them raises in their salaries for reasons irrelevant to merit: on account of having testified against the Authority in a previous administrative proceeding before the Personnel Board. The Authority requested the dismissal of both complaints, as it understood that the Personnel Board lacked jurisdiction.

The Personnel Board agreed to assume jurisdiction over the two complaints filed. This decision was made on the fol-

lowing grounds: Rule 15 of its Regulations[1] and the authority to make investigation which § 6(a)(4) of the Personnel Act confers it.[2] In connection with plaintiff Authority's contention, the Board stated the following:

"The appointing authority's counsel argues that, pursuant to Act No. 67 of June 20, 1962, its employees, who previously had the status of employees in the competitive service, are now entitled only to appeal to the Board in cases of dismissal, suspension, layoff, demotion, or separation, during the working test period for political, religious, or racial reasons.

"It is true that the Legislature in said special Act, confers to the Aqueduct and Sewer Authority's employees that right to appeal, but it did not have the effect of limiting or repealing the investigatory jurisdiction of this Board.

"Usually, this Board will not disturb the exercise of the sound discretion of an appointing authority in personnel actions such as the refusal to promote or grant raises in salaries. But when the personnel action is the result of a discrimination or is motivated by reasons irrelevant to merit, we have the obligation of enforcing the provisions of the Personnel Act and Regulations. Of course, appellants have the burden of proving the alleged discrimination and this Decision cannot prejudge the

---

[1] It provides as follows:

"No person shall be appointed or promoted to, or demoted, suspended or dismissed from, any office in the competitive service, or in any way favored or injured, or receive unequal treatment in the competitive service in the recruitment, examination, appointment, training, retention, or promotion processes, or in any other personnel matter, by any reason irrelevant to merit, such as by reasons of political or religious ideas, or because of race, color, sex, birth, origin, social status, or for having filed complaints or claims, or for having testified before any legislative, administrative, executive or judicial body. . . . The Board may investigate or resolve on appeal, at the request of a party, complaints from such persons as may feel adversely affected, whenever such persons have reasons to believe that they have been discriminated against because of any of the preceding reasons. . . ." (3 R.&R.P.R. § 647–221.)

[2] It provides:

"To make any investigation which it may consider necessary concerning the administration of personnel in the Commonwealth Service, and to make the pertinent recommendations to the Director or to the Governor." Act No. 345 of May 12, 1947, 3 L.P.R.A. § 646(a)(4).

merits' of his allegations. We are only deciding that the appeals state sufficient grounds to assume our jurisdiction, as we are doing."

Feeling aggrieved by said decision, the Authority filed a petition for Declaratory Judgment, in the Superior Court, San Juan Part, in which it requested the court to declare that the Board lacked appellate jurisdiction to intervene in the matter of the complaints filed. The Authority alleged that Rule 15, *supra*, was only applicable to the personnel in the Competitive Service (and the two complainants are in the Exempt .Service), since the rule-making power of the Board is limited by § 7 of the Personnel Act (3 L.P.R.A. § 647) to the employees in the Competitive Service and in the Noncompetitive Service, and that to extend it would be to invade the legislative function. In connection with § 6(a)(4) of the Personnel Act, it maintains that the matter of salaries is in the hands of the appointing Authority and that the Legislature did not include in Act No. 67, *supra*, this section as it did with §§ 6(a)(6) and 31. Lastly, it maintains that these two complainants are not helpless since the Authority's internal Personnel Regulations, of November 4, 1966, entitled them to appeal before a Board of Appeals.

The two defendant-petitioners filed a motion to dismiss alleging substantially that the declaratory judgment did not lie because the administrative remedies had not been exhausted. On May 10, 1968, the Superior Court, San Juan Part, rendered an "Order and Judgment" granting the motion to dismiss. The Court stated:

"This Court decides that, the Personnel Board of the Commonwealth having assumed jurisdiction as to the complaints or appeals of defendants Héctor L. Medina Vázquez and Luis Colón Torres, the court cannot deprive the Board of that jurisdiction and these two complaints or appeals being pending decision before that administrative agency, the petition for declaratory judgment does not lie. It is necessary to wait for the final deter-

mination of the Personnel Board concerning these two matters, and only then could the affected party resort to the court if the law guarantees same some legal remedy against the decision of said Board, because all the remedies at the administrative level should be previously exhausted. . . ."

This order was not appealed from by the Authority, becoming firm and final.

The Authority then appealed to the Board and requested the latter to clarify its decision because it understood that the latter did not define clearly the jurisdiction that the Board decided to assume. The Authority maintained now, that although the Board had authority to perform any investigation which it considered necessary in connection with the administration of the personnel in the Commonwealth Service,[3] this was exclusively an investigative jurisdiction and not an adjudicative one. This contention was rejected by the Board stating that the purpose of the hearings is to determine the merit of the complaints and to make an adjudication in accordance with the powers vested in the Board by § 6(a)(6) of the Personnel Act.

The Authority resorts again to the Superior Court in a petition entitled "Injunction and Declaratory Judgment", in which it requested that the Board be ordered not to adjudicate the complaints before it. The Board as well as the complainant employees filed motions to dismiss, alleging that the defense of res judicata was proper. On October 31, 1968 the court rendered judgment granting the motions to dismiss and consequently denied the petition for "Injunction and Declaratory Judgment" because the order and judgment rendered in the action for declaratory judgment constituted res judicata in that of said case. The court understood that the legal point

---

[3] As we saw before the Authority limited at the beginning the application of the investigation and rule-making power of the Board to the Competitive and Noncompetitive Service leaving out the Exempt Service. Later it accepted it when it resorted again to the Board.

in both actions was the same, that is, whether the Personnel Board had jurisdiction to intervene in the two complaints filed and the same parties were involved. We agreed to review.

If we examine the instant case we find that there exists "perfect identity between the things, causes, and persons of the litigants, and their capacity as such," § 1204 of the Civil Code, 31 L.P.R.A. § 3343. In both litigations extraordinary remedies were filed for the purpose of avoiding that the Personnel Board would assume jurisdiction over the two complaints. The alleged lack of jurisdiction of the Board constituted the cause of action in both. Plaintiffs allege that the initial controversy in the first action was the Board's lack of total jurisdiction to take cognizance of the two complaints, it being substantially modified in the second action when the Board's jurisdiction to investigate but not to adjudicate was accepted. The philosophy and purpose of the exception of res judicata, as we stated in the case of *Pérez* v. *Bauzá*, 83 P.R.R. 213, 217, 218 (1961), are based on the following:

"In general terms, it may be affirmed that the rule of res judicata is based on considerations of public policy and necessity: on the one hand, the interest of the State in terminating litigations in order that judicial issues may not be perpetuated . . . and on the advisability of impressing court decisions with due dignity . . . and, on the other hand, the desirability of not submitting a citizen twice to the inconveniences which the litigation of the same cause entails. The doctrine is of Roman origin and was embodied in the maxim 'res judicata pro veritate habetur'. . . . In its origin it presupposed an adversative or litigious proceeding and an adjudication on the merits. However, the complexities of the modern proceeding and the increase in litigation have resulted in its extension—by statutory channels—even to decisions which have not adjudicated the controversy on its merits."

The act of changing the ground to support the alleged lack of jurisdiction of the Board, introduced in the first action for Declaratory Judgment, is no bar to determine the identity of

cause of action in the second action for "Injunction and Declaratory Judgment." In the case of *González* v. *Méndez*, 15 P.R.R. 682 (1909) the following issue was raised: whether the presumption of res judicata did not have any effect because in the second action reasons for nullity were alleged different from those which were the object of discussion in the first action. The essential controversy in both actions was to determine who was the owner of certain properties. We decided in the negative and stated, in sustaining the exception of res judicata, at p. 701:

"This cannot be admitted because a stable and serious state of right could never be established because the party obtaining a final judgment in his favor would find himself involved in litigation as often as different reasons could be found by a fertile imagination, although known when the first action was brought."[4]

In the case of *De León* v. *Colón*, 42 P.R.R. 21 (1931) where a complaint was brought in the first action for "revendication and annulment of deeds" which was dismissed, an appeal was taken, but it was dismissed by this Court when the transcript of the record was not sent up. In the second action a complaint for revendication was filed. We said in sustaining the exception of res judicata at pp. 27–28:

"If there was any real opportunity for the plaintiffs to recover the property in question, they had it in suit No. 5117. They perhaps exercised there the proper action, and had they perfected their appeal, they would perhaps have obtained a favorable decision. They have no reason to complain. They had their day in court, their opportunity, but they did not take full advantage thereof."

*Vázquez* v. *Santos*, 54 P.R.R. 587 (1939) dealt with three suits filed to annul the foreclosure of a mortgage and the sale

---

[4] See also the cases of *Catholic Church* v. *Municipality of Bayamón*, 27 P.R.R. 789 (1919); *Ninlliat* v. *Suriñach et al.*, 27 P.R.R. 69 (1919); *Quintero* v. *Morales*, 25 P.R.R. 109 (1917).

and adjudication of the mortgaged property. In the second suit the exception of res judicata had been sustained. In the third suit plaintiff alleged that in the first two suits the basis of the action for nullity was that the mortgagee had foreclosed the mortgage for an amount larger than that owed and now the ground was lack of jurisdiction. The Court stated at p. 593:

"Appellant is wrong. When the identity of parties and of actions exists, but the reason to ask the nullity varies, the defense of res judicata must be sustained. The plaintiff who starts a suit is under obligation to set forth all his rights to avoid the inconveniences resulting if each and every one of the reasons or causes that the actor knew and might have alleged to ask for the nullity of the judgment are considered as distinct and independent actions. The introduction of a new rule might bring in uncertainty and chaos in business and would make impossible the establishment of steady and reliable jurisprudence. . . .

". . . Plaintiff should not be allowed to have his 'day in court' and withhold some of the reasons which might serve as a basis of his complaint to be adduced later on in a new action if the former judgment were rendered against him." (Citation.)

See also the cases of *Cintrón* v. *Yabucoa Sugar Co.*, 54 P.R.R. 493 (1939); *Lugo* v. *Bartolomey*, 46 P.R.R. 647 (1934).

We see, then, that in the second case the cause of action is the same as that of the first suit, that is, the Board's lack of jurisdiction. Plaintiff claims that the fact of having changed the ground to support its allegation is sufficient to defeat the exception of res judicata. We do not agree. As we stated previously, to change the ground to support the same cause of action does not defeat the presumption of res judicata, particularly when the plaintiff Authority accepted and did not appeal from the ruling of the Superior Court in the first petition filed. It returned before the Board and requested the latter to clarify the jurisdiction which it assumed when it could and should have raised such question before resorting to the Court. The Authority resorts again to the Court with

an identical suit in which only the ground to support its allegation of lack of jurisdiction is slightly changed. Before, it was lack of total jurisdiction, now it is lack of partial jurisdiction to adjudicate. Such piecemeal litigation cannot be sanctioned.

The determination of the Superior Court being correct to the effect that the defense of res judicata lied, it is proper to affirm the judgment appealed from.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra abstained from intervening.